166 P.2d 583

In re RICHESON.

No. 4826.

Supreme Court of Arizona.

March 4, 1946.

Paul M. Roca, of Phœnix, for State Bar.

C. H. Richeson, of Phœnix, respondent, in pro. per.

PER CURIAM.

■ Complaint was filed with the Board of Governors of the Arizona State Bar, charging the above respondent with conduct warranting disbarment, suspension, or discipline, pursuant to the provisions of section 32-329, ACA 1939. Hearing was had thereon and respondent was given every opportunity to present his defenses. The Board of Governors, after hearing, deemed the evidence sufficient to merit further action, made a minute entry to that effect, and filed the record of such proceedings with the clerk of this court, together with a transcript of all the evidence submitted. Upon the filing of the record and transcript, the respondent was cited to appear, as provided by the statute, to show cause why this court should not make and enter order disbarring, suspending or reproving him. Upon the hearing date; respondent requested a trial de novo. It appearing to the court that a full and complete hearing had been afforded respondent before the Board, and that the evidence pertaining thereto had been duly filed, and that justice would not be furthered by the taking of additional evidence, respondent's motion for trial de novo was denied, and the matter submitted on the record before the Board.

■ The report of the local administrative committee, made pursuant to the provisions of Article 3, Chapter 32, ACA 1939, was approve by the Board of Governors, with suggestions to this court that the recommendations of the local committee be carried out. This report is comprehensive and covers a number of charges, four of which concern professional misconduct in dealing with clients, none of which standing alone would be sufficient to warrant anything more than disciplinary action. The fifth and sixth charges relate to intemperate and scandalous vilification and abuse contained in affidavits filed against judges of the United States courts, and involving specifically a violation of canon number one of the canons of professional ethics of the American Bar Association. Numerous other matters were also considered and reported by the committee, including malicious and unfounded vilification directed at the President of the United States, at public officials, and at

members and officers of the State Bar. The committee found no evidence of any kind showing or tending to show that any of the charges so made by respondent were true or had any semblance of truth, and that the statements constituted scandalous, wanton and malicious charges. The recommendations were that the respondent be permanently barred and prohibited from engaging in the practice of law within the state of Arizona, on the grounds that the evidence disclosed that he was guilty of professional misconduct in the highest degree, and that the evidence disclosed him mentally and morally unfit to engage in the practice of law.

We have carefully examined the evidence and the various exhibits pertaining to the charges. The report of the local committee is fully sustained by the evidence. The testimony, the record, and the conduct of the respondent satisfies us that he is not mentally nor morally qualified to practice law. The uncontroverted record discloses groundless charges made against judges of the Federal courts, and many officers and members of the State Bar, and public officials. The intemperate language used by the respondent, the obviously unfounded and malicious charges made, the wild, imaginery bases relied upon indicate his mental instability and lack of moral values.

Charges made against the judges disclose a total lack of appreciation on the part of respondent of his duties as a law-yer, under the code of professional ethics of the state, particularly canon number one, which provides as follows:

"It is the duty of the lawyer to maintain towards the Courts a respectful attitude not for the sake of the temporary incumbent of the judicial office but for the maintenance of its supreme importance. Judges not being wholly free to defend themselves are peculiarly entitled to receive the support of the Bar against unjust criticism and clamor. Whenever there is proper ground for serious complaint of a judicial officer it is the right and duty of the lawyer to submit his grievances to the proper authorities. In such cases, but not otherwise, such charges should be encouraged and the person making them should be protected."

Statements made in several papers filed in connection with actions in pending cases attacking the honesty, integrity and motives of members of the Bar, and others, are of such a scandalous and libelous character as, under other circumstances, would give rise to criminal action. None of these charges were substantiated in any way. In this respect, the respondent violated canon number twenty-nine, which provides that an attorney shall "strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

The public is interested in the maintenance of the good standing of the courts. The laws protect the public generally, in-

cluding lawyers and officials, from malicious and libelous charges. One who has been admitted to practice law should not be allowed to use his office for the purpose of thus defeating this public purpose. We have repeatedly held that in cases of this character it is our paramount duty to protect the public interests. We feel that the interests of the public will best be conserved by permanently disbarring respondent.

It is, therefore, the order of the court that respondent be disbarred from and after this date.

STANFORD, C. J., and LaPRADE and MORGAN, JJ., concur.